Shaia A. Stambuk (SBN 329240)
sstambuk@bakerlaw.com
BAKER & HOSTETLER LLP
600 Anton Boulevard, Suite 900
Costa Mesa, CA 92626
(714) 754-6600

Katherine R. McMorrow (SBN 315723)
kmcmorrow@bakerlaw.com
BAKER & HOSTETLER LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
(310) 820-8800

William C. Bergmann (*pro hac vice forthcoming*)
wbergmann@bakerlaw.com
Eric W. Lee (*pro hac vice forthcoming*)
elee@bakerlaw.com
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW, Suite 1100
Washington, D.C. 20036
(202) 861-1500

Rebecca Schrote (*pro hac vice forthcoming*)
rschrote@bakerlaw.com
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
(614) 228-1541

Attorneys for Plaintiffs
SAAB AB and SAAB, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAB AB and SAAB, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SKAPA TECH, INC., <br><br> Defendant. | Case No.: **'26CV1979 BJC  SBC** <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Saab AB and Saab, Inc. (collectively, "Saab") allege as follows:

## INTRODUCTION

1.      This is a declaratory judgment action to resolve a real and concrete trademark dispute created by Defendant Skapa Tech, Inc.'s efforts to block Saab's lawful use of the term "skapa" and to cancel Saab's federally registered SKAPA® trademark. Saab seeks clarity and finality regarding its right to continue operating its "Skapa by Saab" innovation incubator and to maintain its valid U.S. trademark registration.

2.      Saab's "Skapa by Saab" incubator uses the term "skapa" in its ordinary descriptive sense as the Swedish word for "create" and always in conjunction with Saab's well-known SAAB house mark. Saab and Skapa Tech also provide different services to different industries and target highly sophisticated consumers. Saab's use of the term "skapa" does not create a likelihood of confusion and has not resulted in any actual confusion with Skapa's asserted use of the term "skapa."

3.      In addition, on information and belief, Skapa Tech did not use the term "skapa" in U.S. commerce for services similar to those offered by Saab before Saab filed its trademark application and obtained its registration for the SKAPA® mark. For this additional independent reason, on information and belief, Skapa Tech lacks senior common-law rights in services that could support either an infringement claim or cancellation of Saab's registration.

4.      This action is necessary to resolve the parties' dispute in a single forum, to confirm that Saab's use of the term "skapa" in "Skapa by Saab" is not infringing, and to confirm that Saab's SKAPA® registration is valid and enforceable and should not be cancelled.

## JURISDICTION AND VENUE

5.      This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, including without limitation 15 U.S.C. §§ 1119 and 1125(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

//

6. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121, because this action presents an actual controversy under federal trademark law concerning alleged infringement of unregistered trademark rights and the validity of a U.S. trademark registration.

7. This Court has personal jurisdiction over Defendant Skapa Tech, Inc. ("Skapa Tech") because Skapa Tech has purposefully directed trademark enforcement activities toward this District that it knew or reasonably should have known were likely to cause harm in this District. Skapa Tech's trademark enforcement efforts are directed at Saab's California-based operations in this District and have created ongoing uncertainty and disruption to Saab's business activities here. Saab's claims arise directly out of Skapa Tech's activities directed toward this District, and the exercise of personal jurisdiction over Skapa Tech in this District is consistent with traditional notions of fair play and substantial justice.

8. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims in this action occurred in this District. Saab's use of the term "skapa," including as "Skapa by Saab," emanates from this District, where Saab's Skapa by Saab team is based and where the relevant business, branding, and marketing decisions are implemented. Skapa Tech's trademark enforcement activities are directed at and have their primary effects in this District.

## PARTIES

9. Plaintiff Saab AB is a Swedish limited liability company with its principal place of business in Linköping, Sweden. Saab AB is the owner of U.S. Trademark Reg. No. 7,582,416 for the mark SKAPA® that Defendant Skapa Tech, Inc. seeks to cancel. A true and correct Trademark Status & Document Retrieval (TSDR) printout for the SKAPA® registration is attached as **Exhibit 1**.

10. Plaintiff Saab, Inc. is a New York corporation with a place of business in San Diego, California, and is a wholly owned subsidiary of Saab AB. The Skapa by Saab incubator operates within Saab, Inc. and is based in San Diego, California.

11. On information and belief, Defendant Skapa Tech, Inc. is a Virginia corporation with its principal place of business in Charlottesville, Virginia.

### FACTS

### Saab's Use of "Skapa by Saab"

12. Saab is a global aerospace and defense company that develops, manufactures, and supplies advanced systems, products, and services across the domains of aeronautics, land, naval, and security. Founded in 1937, Saab serves governments, public authorities, and commercial customers in the United States and worldwide with complex, technology-intensive solutions, including aircraft and aircraft systems, sensors and radar, command-and-control systems, naval platforms, training and simulation systems, and civil security technologies. Saab operates internationally, with activities in more than 30 countries, and provides its products and services to customers in over 100 countries, primarily to sophisticated institutional and governmental clients that require highly specialized and regulated solutions.

13. Saab AB owns numerous live U.S. trademark registrations for and incorporating its SAAB mark, including but not limited to U.S. Trademark Reg. Nos.: (1) 1,025,449, (2) 1,035,072, (3) 2,673,877, (4) 3,260,071, (5) 3,271,585, (6) 3,689,488, (7) 4,195,329, and (8) 4,405,567, covering a wide range of goods and services. True and correct TSDR printouts for these registrations are attached as **Exhibit 2**.

14. Saab has used the SAAB mark extensively and continuously in the United States and worldwide for many decades in connection with its aerospace, defense, security, and related goods and services. Through long-standing use, substantial sales, and extensive advertising, marketing, and promotion, the SAAB mark has achieved a high degree of recognition and distinctiveness in the United States and is widely known among consumers and purchasers of Saab's goods and services.

15. As a result of Saab's extensive use, advertising, marketing, and promotion of its goods and services under its SAAB marks throughout the world and in the United States //

since at least as early as 1957, the SAAB marks have become well-known and highly distinctive, and consumers associate the SAAB marks exclusively with Saab.

16.    Skapa by Saab is an innovation and technology incubator operating within Saab, Inc. and based in San Diego, California. Launched in April 2024, Skapa by Saab partners directly with highly sophisticated end-users in the defense, aviation, and security industries to identify operational challenges and to develop, test, and deploy technology-driven solutions in real-world environments. Skapa by Saab's work includes rapid prototyping, testing, and refinement of technologies, often using existing Saab platforms as test beds to validate and scale solutions at the speed of operational need. A true and correct printout of Skapa by Saab's website as of March 27, 2026, is attached as **Exhibit 3**.

17.    The term "skapa" is a Swedish word meaning "create." Consistent with that meaning, "Skapa by Saab" means "Create by Saab," which refers to the purpose and function of the Skapa by Saab incubator as a creation-focused innovation model within Saab, Inc. "Skapa by Saab" uses the term "skapa" in that term's ordinary descriptive sense to explain the nature of Saab's innovation activities and as a nod to Saab's Swedish roots.

18.    The term "skapa" is not a coined term and is used by multiple third parties in the technology, software, and consulting spaces, including in business and product names, to convey the concept of creating or developing solutions. As a result, consumers encounter the term "skapa" in a variety of contexts and are accustomed to distinguishing among different uses of the term based on the surrounding wording and context.

### Saab's U.S. Trademark Registration for "SKAPA"

19.    On November 29, 2023, Saab AB filed U.S. Trademark App. No. 98/289,789 for the wordmark "SKAPA" based on a bona fide intent to use in connection with "[s]cientific and technological research and development in the fields of AI (artificial intelligence), autonomy, additive manufacturing, machine learning, defence and communications" in International Class 42.

//

4

20.     On May 21, 2024, Saab's U.S. Trademark App. No. 98/289,789 was published in the Trademark Official Gazette, having received no refusal on the basis of likelihood of confusion or on any other basis.

21.     No person or entity filed any opposition or extension of time to oppose Saab's U.S. Trademark App. No. 98/289,789, and the application was allowed on July 16, 2024.

22.     On August 20, 2024, Saab submitted a Statement of Use claiming use in commerce at least as early as April 23, 2024. The Statement of Use was accepted on November 1, 2024. On November 26, 2024, the U.S. Patent and Trademark Office ("USPTO") issued a registration certificate on the Principal Register for Saab's SKAPA® mark as U.S. Trademark Reg. No. 7,582,416. *See* **Exhibit 1**.

**Skapa Tech's Purported Trademark Rights**

23.     On information and belief, Skapa Tech was founded in 2016 and is in the business of providing software development services in the United States. Skapa Tech's website states: "We build web, mobile, and cloud software products that inspire joy in users." A true and correct printout of Skapa Tech's website as of March 27, 2026, is attached as **Exhibit 4**.

24.     On information and belief, Skapa Tech advertises, markets, promotes, and provides its services throughout the United States, including to one or more clients operating in California.

25.     On information and belief, at the time Saab AB filed a U.S. trademark application for the mark "SKAPA," Skapa Tech had not filed any U.S. trademark application for any mark consisting of or containing the term "SKAPA."

26.     On January 19, 2024, 51 days after Saab filed its U.S. trademark application for the mark SKAPA®, Skapa Tech filed U.S. Trademark App. No. 98/365,953 for the wordmark "SKAPA" for various services in International Class 42, and it asserted two different dates of first use in commerce for different groups of services. Specifically, Skapa Tech's application claimed use in commerce since September 2, 2016, for the following services:

5

Advisory services relating to computer software; Customizing computer software; Maintenance of computer software; Product design and development in the field of edtech and e-learning, healthtech and healthcare, distribution, engineering and architecture, non-profit organizations, and government contracts; Software authoring; Software design and development; Software engineering services; Testing of computer software; Updating of computer software.

Skapa Tech's application also claimed use in commerce of July 6, 2022, for the following services ("AI Services"):

Consultancy in the field of artificial intelligence technology; Developing customized software in the field of artificial intelligence, machine learning, and large language models for others; Development of new technology for others in the field of artificial intelligence, machine learning, and large language models; Technical consulting in the field of artificial intelligence (AI) software customization.

27.    On February 6, 2025, in response to the USPTO's request to provide an English translation for the term "SKAPA," Skapa Tech submitted to the USPTO the following statement: "The English translation of SKAPA in the mark is CREATE."

28.    On February 13, 2025, the USPTO refused to register Skapa Tech's applied-for SKAPA mark on the ground that it was likely to cause confusion with Saab's registered SKAPA® mark.

29.    On August 8, 2025, just a few days before Skapa Tech filed a petition to cancel Saab's SKAPA® registration, Skapa Tech submitted to the USPTO a "Voluntary Amendment" containing the following "Miscellaneous Statement" purporting to correct Skapa Tech's claimed first use in commerce dates, stating:

The dates of use pertain to the following services: advisory services relating to computer software; customizing computer software; maintenance of computer software; product design and development in the field of edtech and e-learning, healthtech and healthcare, distribution, engineering and architecture, non-profit organizations, and government contracts; software authoring; software design and development; software engineering

6

services; testing of computer software; and, updating of computer software. The remaining services in the application have different dates of first use. The mark was in use with all of the services prior to the filing date of the application.

30. The "remaining services in the application" with "different dates of first use" referenced in Skapa Tech's Voluntary Amendment are the AI Services. Skapa Tech's August 8, 2025 Voluntary Amendment does not identify the dates of first use in commerce for the AI Services and instead asserts merely that all applied-for services were used at some time prior to Skapa Tech's January 19, 2024 application filing date.

31. As a result, Skapa Tech lacks any properly verified claimed first use date for the purported SKAPA mark in connection with the AI Services prior to Saab's priority date.

32. On information and belief, Skapa Tech's purported SKAPA mark was not used in commerce in connection with at least the AI Services prior to November 29, 2023, the priority date of Saab's SKAPA® registration.

33. Accordingly, on information and belief, Skapa Tech cannot establish priority over Saab with respect to any asserted trademark rights in the purported SKAPA mark in connection with at least the AI Services.

**Skapa Tech's TTAB Petition and Infringement Threats**

34. On August 13, 2025, Skapa Tech filed a Petition for Cancellation with the U.S. Trademark Trial and Appeal Board ("TTAB") seeking cancellation of Saab's U.S. Trademark Reg. No. 7,582,416 for the SKAPA® mark on the basis of alleged priority and likelihood of confusion with Skapa Tech's purported unregistered common-law use of the SKAPA mark ("TTAB Petition").

35. On August 18, 2025, the USPTO suspended proceedings on Skapa Tech's U.S. Trademark App. No. 98/365,953 for the SKAPA mark pending the outcome of Skapa Tech's TTAB cancellation proceeding.

36. In its TTAB Petition, Skapa Tech affirmatively alleged that Saab's SKAPA® registration "should be cancelled because it consists of or comprises a mark which so

resembles Petitioner's previously used SKAPA Mark as to be likely, when used in connection with [Saab's] services, to cause confusion, mistake, or deception within the meaning of 15 U.S.C. § 1052(d), and to cause damage to [Skapa Tech] thereby." These allegations assert the core elements of a federal trademark infringement claim, including alleged priority, likelihood of confusion, and damage.

37. In addition to the TTAB Petition, through correspondence and discussions between counsel, Skapa Tech has repeatedly asserted that its objections are not limited to Saab's federal trademark registration for the SKAPA® mark, and that they extend to Saab's ongoing use of the phrase "Skapa by Saab," as reflected in **Exhibit 3**. Skapa Tech has taken the position that such use infringes Skapa Tech's purported trademark rights.

38. As a result of Skapa Tech's affirmative allegations of elements of an infringement claim in the TTAB Petition and its repeated assertions that Saab's ongoing use of the phrase "Skapa by Saab" is objectionable and infringing, Saab has a real and reasonable apprehension that Skapa Tech will pursue an infringement action against Saab based on Saab's current and continued use of the term "skapa."

## COUNT I

### Declaratory Judgment of Non-Infringement of Trademark

39. Saab incorporates by reference all preceding paragraphs of this Complaint.

40. This claim arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, including without limitation 15 U.S.C. §§ 1119 and 1125(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

41. An actual and justiciable controversy exists between Saab and Skapa Tech concerning whether Saab's use of the term "skapa," including in the phrase "Skapa by Saab," infringes any purported trademark rights claimed by Skapa Tech.

42. Saab's use of "Skapa by Saab" does not infringe any valid or enforceable trademark rights Skapa Tech may claim in the term "skapa."

//

//

43.   Saab's "Skapa by Saab" incubator uses the term "skapa" in its ordinary descriptive sense—as the Swedish word for "create"—to explain the nature of Saab's innovation activities, and not as a trademark or source identifier.

44.   Saab's use of "skapa" in "Skapa by Saab" is readily distinguishable in appearance, sound, and overall commercial impression from Skapa Tech's asserted use of "skapa," including because it prominently includes Saab's well-known and highly distinctive SAAB house mark.

45.   Saab's use of "skapa" in "Skapa by Saab" occurs in a context that is materially different from Skapa Tech's asserted use of "skapa," including with respect to the nature of the services offered, the channels of use, and the intended audiences.

46.   The relevant consumers for the parties' respective services are highly sophisticated and exercise a high degree of care in making purchasing and engagement decisions, which further negates any likelihood of confusion.

47.   On information and belief, Skapa Tech did not use the term "skapa" in U.S. interstate commerce in connection with consultancy or development services relating to artificial intelligence, machine learning, or large language models prior to November 29, 2023, the filing date and constructive priority date of Saab's U.S. Trademark Reg. No. 7,582,416 for the SKAPA® mark.

48.   As a result, on information and belief, Skapa Tech lacks senior common-law rights that could support a claim that Saab's use of "skapa" in "Skapa by Saab" infringes Skapa Tech's purported trademark rights in connection with such services.

49.   On information and belief, Saab's use of "skapa" in "Skapa by Saab" has not resulted in any known consumer confusion, and is not likely to result in confusion as to source, affiliation, sponsorship, or approval.

50.   Saab is entitled to a declaratory judgment that it is not infringing, has not infringed, and is not liable for infringement of any purported trademark rights claimed by Skapa Tech in the term "skapa."

//

## COUNT II

### Declaratory Judgment of Validity and Enforceability of

### U.S. Trademark Reg. No. 7,582,416, and Denying Cancellation

51.    Saab incorporates by reference all preceding paragraphs of this Complaint.

52.    This claim arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, including without limitation 15 U.S.C. §§ 1119 and 1125(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

53.    An actual and justiciable controversy exists between Saab and Skapa Tech concerning whether Skapa Tech is entitled to seek cancellation of Saab's U.S. Trademark Reg. No. 7,582,416 for the SKAPA® mark on the basis of alleged priority and likelihood of confusion with Skapa Tech's purported use of "SKAPA mark.

54.    Saab maintains and is entitled under the Lanham Act to maintain its registration for the SKAPA® mark.

55.    No likelihood of confusion exists between Saab's SKAPA® mark and Skapa Tech's purported SKAPA mark, including in light of the parties' different services, channels of use, and intended audiences.

56.    The relevant consumers for the parties' respective services are highly sophisticated and exercise a high degree of care in making purchasing and engagement decisions, which further negates any likelihood of confusion.

57.    On information and belief, Skapa Tech did not use the term "skapa" in U.S. interstate commerce in connection with consultancy or development services relating to artificial intelligence, machine learning, or large language models prior to November 29, 2023, the filing date and constructive priority date of Saab's U.S. Trademark Reg. No. 7,582,416 for the SKAPA® mark.

58.    As a result, on information and belief, Skapa Tech lacks senior common-law rights in services that could support cancellation of Saab's U.S. Trademark Reg. No. 7,582,416.

//

59. On information and belief, Saab's use of the term "skapa," including in connection with its SKAPA® mark, has not resulted in any known consumer confusion, and is not likely to result in confusion as to source, affiliation, sponsorship, or approval.

60. Saab is entitled to a declaratory judgment that its U.S. Trademark Reg. No. 7,582,416 for the SKAPA® mark is valid, enforceable, and should not be cancelled, and that Skapa Tech's TTAB Petition to cancel that registration should be denied.

## PRAYER FOR RELIEF

Saab respectfully prays for relief from this Court as follows:

a. A declaration that Saab's use of the term "skapa," including its use of the phrase "Skapa by Saab," does not infringe, and has not infringed, any trademark rights claimed by Skapa Tech.

b. A declaration that Saab's U.S. Trademark Reg. No. 7,582,416 for the SKAPA® mark is valid, enforceable, and should not be cancelled, and that Skapa Tech's TTAB Petition to cancel that registration should be denied.

c. An award of costs and attorneys' fees incurred by Saab.

d. An award of all further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Saab demands a jury trial on all issues triable by a jury.

Dated: March 27, 2026

BAKER & HOSTETLER LLP

By: _____
Shaia A. Stambuk (SBN 329240)
sstambuk@bakerlaw.com
BAKER & HOSTETLER LLP
600 Anton Boulevard, Suite 900
Costa Mesa, CA 92626
(714) 754-6600

Katherine R. McMorrow (SBN 315723)
kmcmorrow@bakerlaw.com
BAKER & HOSTETLER LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
(310) 820-8800

11

William C. Bergmann (*pro hac vice forthcoming*)
wbergmann@bakerlaw.com
Eric W. Lee (*pro hac vice forthcoming*)
elee@bakerlaw.com
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW, Suite 1100
Washington, D.C. 20036
(202) 861-1500

Rebecca Schrote (*pro hac vice forthcoming*)
rschrote@bakerlaw.com
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
(614) 228-1541

*Attorneys for Plaintiffs*
SAAB AB and SAAB, INC.